# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AMADOR,<br><br>                Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A. formally doing business as AMERICA'S WHOLESALE LENDER; RECONTRUST COMPANY; and DOES 1 through 10, inclusive,<br><br>                Defendants. | CASE NO. 13cv220-WQH-RBB<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss filed by all Defendants. (ECF No. 5).

## BACKGROUND

      On December 24, 2012, Plaintiff, proceeding pro se, initiated this action by filing a Complaint in San Diego County Superior Court. (ECF No. 1-2). The Complaint contains allegations related to a loan transaction.

      On January 28, 2013, Defendants removed the action to this Court on the basis of federal question jurisdiction. (ECF No. 1).

      On February 4, 2013, Defendants filed the Motion to Dismiss for failure to state a claim upon which relief may be granted. (ECF No. 5). The Motion to Dismiss contains a Proof of Service indicating that Plaintiff was served with the motion at the address listed in Plaintiff's Complaint.

      The docket reflects that no opposition to the Motion to Dismiss has been filed.

## DISCUSSION

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

The Motion to Dismiss contains a proof of service indicating that Plaintiff was served with the Motion. (ECF No. 5-2 at 39). The Motion and the Court's docket reflect that the hearing for the Motion to Dismiss was noticed for March 11, 2013. Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing." S.D. Cal. Civ. Local Rule 7.1(e)(2). The docket reflects that Plaintiff has failed to file an opposition. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No. 5). The Complaint is DISMISSED without prejudice.

DATED: March 21, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge